1

2

3

4

5

6

7

8

9

10

11

12

13

14

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL A. BURNHART,

                                       Petitioner,

              v.

CHIEF WRZENSKI,

                                       Respondent.

Case No.  C07-5326RBL-KLS

ORDER DENYING
PETITIONER'S MOTION FOR
APPOINTMENT OF COUNSEL

15

16

17

18

       This matter is before the Court on petitioner's petition for writ of *habeas corpus* pursuant to 28

U.S.C. § 2254.  This matter is before the Court on plaintiff's filing of a motion for appointment of

counsel. (Dkt. #4).  The Court, having reviewed petitioner's motion, hereby finds and ORDERS as

follows:

19

20

21

22

23

24

25

26

27

       There is no right to have counsel appointed in cases brought under 28 U.S.C. § 2254, unless an

evidentiary hearing is required or such appointment is "necessary for the effective utilization of discovery

procedures." See McCleskey v. Zant, 499 U.S. 467, 495 (1991); United States v. Duarte-Higareda, 68

F.3d 369, 370 (9th Cir. 1995); United States v. Angelone, 894 F.2d 1129, 1130 (9th Cir. 1990); Weygandt

v. Look, 718 F.2d 952, 954 (9th Cir. 1983); Rules Governing Section 2254 Cases in the United States

District Courts 6(a) and 8(c).  The Court also may appoint counsel "at any stage of the case if the interests

of justice so require." Weygandt, 718 F.2d at 754.  In deciding whether to appoint counsel, however, the

Court "must evaluate the likelihood of success on the merits as well as the ability of the petitioner to

articulate his claims *pro se* in light of the complexity of the legal issues involved." Id.

28

       First, it must be noted that because no determination has yet been made regarding the need, if any,

ORDER
Page - 1

1   for discovery or an evidentiary hearing, plaintiff has no right to appointed counsel on that basis. <u>See</u> Rules

2   Governing Section 2254 Cases in the United States District Courts 6(a) and 8(c).  Plaintiff requests such

3   counsel on the basis that he is unable to afford private counsel, the issues involved in this matter are

4   complex and involve several different grounds for *habeas corpus* relief, and he is currently in a county

5   institution which does not grant him access to legal resources.  For the reasons set forth below, the Court

6   finds these stated bases to be invalid.

7       The fact that plaintiff may not be able to hire his own legal counsel is a necessary, but insufficient

8   basis for seeking court appointed counsel.  While plaintiff claims the issues involved in this matter are

9   complex, the Court finds them to be no more complex, and to contain no more legal grounds for seeking

10  *habeas corpus* relief, than other petitions the Court previously has addressed.  As to petitioner's claim

11  that he lacks adequate access to legal resources to prosecute this matter, the Court notes that his petition

12  and supporting brief contain numerous legal citations throughout, and so the Court find this last assertion

13  to be questionable at best.  Indeed, it appears petitioner is fully capable of presenting his claims pro se.

14      Petitioner's application to proceed *in forma pauperis* and the prison trust account statement he has

15  submitted therewith, furthermore, indicates he is no longer at the county institution he claims is denying

16  him access to legal resources, but is currently within the control of the Washington State Department of

17  Corrections system.  Lastly, the Court finds petitioner has not shown a likelihood of success on the merits,

18  nor has he shown his particular conditions of confinement are such that "the interests of justice" require

19  appointment of counsel.

20      Accordingly, petitioner's motion for appointment of counsel (Dkt. #4) hereby is DENIED.

21      The clerk shall send a copy of this Order to petitioner and to counsel for respondent, if any.

22      DATED this 29th day of August, 2007.

23

24

25      Karen L. Strombom
        United States Magistrate Judge
26

27

28

ORDER
Page - 2