UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MICHAEL A. BURNHART,<br><br>             Petitioner,<br><br>   v.<br><br>CHIEF WRZENSKI,<br><br>            Respondent. | Case No.  C07-5326RBL-KLS<br><br>ORDER TO SHOW CAUSE |

      This matter is before the Court on petitioner's petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254.  The Court, having reviewed petitioner's petition and the balance of the record, hereby finds and ORDERS:

      The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of *habeas corpus*. 28 U.S.C. § 2254(b)(1).  If exhaustion is to be waived, it must be waived explicitly by respondent. 28 U.S.C. § 2254(b)(3).  A waiver of exhaustion thus may not be implied or inferred.  A petition can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985).  Full and fair presentation of claims to the state court requires "full factual development" of the claims in that forum. Kenney v. Tamayo-Reyes, 504 U.S. 1, 8 (1992).

When a petitioner has defaulted on his claims in state court, principles of federalism, comity, and the orderly administration of criminal justice require that federal courts forego the exercise of their *habeas corpus* power. Francis v. Henderson, 425 U.S. 536, 538-39 (1976). Rules that promote prompt resolution of all constitutional claims at the appropriate state court proceeding must be respected by a federal *habeas* court. See Coleman v. Thompson, 501 U.S. 722, 731-32 (1991). Thus, federal courts "may not adjudicate mixed petitions for habeas corpus, that is, petitions containing both exhausted and unexhausted claims." Rhines v. Weber, 544 U.S. 269, 273 (2005). Instead, such petitions "must be dismissed for failure to completely exhaust available state remedies." Jefferson v. Budge, 419 F.3d 1013, 2005 WL 1949886 *2 (9th Cir. 2005) (citing Rose v. Lundy, 455 U.S. 509, 518-22 (1982)).

The second ground for federal *habeas corpus* relief petitioner raises in his petition is whether the trial court gave him an exceptional sentence in violation of his right to equal protection under the law. See (Dkt. #1-2, pp. 6-7[1], #1-3, p. 1). Petitioner also states that he has a personal restraint petition currently pending before the Washington State Court of Appeals, Division II, in which the following grounds are raised: "Miscalculation of Earned Release Time or Good Time, Equal Protection Violation." See (Dkt. #1-2, pp. 4-8). As such, petitioner has presented a mixed petition, containing both exhausted claims and at least one unexhausted (i.e., the equal protection) claim[2] for federal *habeas corpus* relief, which, as just discussed, requires dismissal of the petition.

Before doing so, however, generally the Court is required to provide petitioner with "the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court." Id.; see also Rhines, 544 U.S. at 278; Tillema v. Long, 253 F.3d 494, 503 (9th Cir. 2001) (court must provide *habeas corpus* litigant with opportunity to amend mixed

---

[1] The first page of petitioner's petition appears to be page 2. Thus, while page 4 is actually the third page of the petition, for the sake of clarity the Court shall use the page designation set forth in the petition.

[2] With respect to the equal protection claim, petitioner specifically alleges that the trial court violated his equal protection rights when "it failed To (a) Calculate His Offender Score (b) by failing To Address Same Criminal Conduct Analysis When brought up At sentencing (c) by Assesing [sic] 3 points for Each Count of a Class C Felony Without Applying the Same To others Who Received Same Charge." (Dkt. #1-3, p. 1). It is not clear that the miscalculation of earned release or good time ground raised in petitioner's state personal restraint petition is a separate claim, or is intended to be the same claim as the one regarding calculation of his offender score raised in his federal *habeas corpus* petition, but stated differently. To the extent the latter was so intended, that claim would appear to be subsumed within the larger equal protection claim. On the other hand, to the extent it is supposed to be its own separate claim, and petitioner also intends to raise it as a separate *habeas corpus* claim in his petition filed with this Court, then that claim is unexhausted as well.

1  petition by striking unexhausted claims).  As the claims at issue here remain pending before the state
2  court of appeals, furthermore, there appears to be no issue of procedural bar present. See Coleman, 501
3  U.S. 735 n. 1 (*habeas corpus* claim is barred from federal review if petitioner failed to exhaust state
4  remedies and state's highest court would now find that claim procedurally barred).

5    Accordingly, for the reasons set forth above, the Court finds petitioner's federal *habeas corpus*
6  petition contains at least one unexhausted ground, which is his equal protection violation claim.  To the
7  extent petitioner also is raising a ground for seeking federal *habeas corpus* relief based on
8  "Miscalculation of Earned Release Time or Good Time," that ground is unexhausted as well.  Plaintiff,
9  therefore, shall file by **no later than September 30, 2007**, either (1) an amended petition presenting only
10  those claims that have been fully exhausted, or (2) a response to this order informing the Court that he
11  intends to return to state court to exhaust the remaining unexhausted claims, or (3) show cause why his
12  petition should not be dismissed for failure to exhaust.

13    If petitioner chooses to file an amended petition, he should be aware that the amended petition will
14  substitute for his original petition, and the Court will not consider the original petition.  Petitioner also is
15  responsible for filing the correct number of copies of the amended petition for service.  If, on the other
16  hand, petitioner chooses to return to state court to exhaust his remaining unexhausted claims, it will be
17  recommended that the Court dismiss his petition without prejudice.  Failure to timely respond to this
18  order in the manner described above, furthermore, shall be treated as a failure by petitioner to show cause
19  why his petition should not be dismissed for failure to exhaust, and dismissal of his petition on that basis
20  will be recommended to the Court.

21    The Clerk shall send a copy of this order to petitioner and counsel for respondent, if any.
22    DATED this 30th day of August, 2007.

               Karen L. Strombom
               United States Magistrate Judge