UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL A. BURNHART,

    Petitioner,

v.

CHIEF WRZENSKI,

    Respondent.

Case No. C07-5326RBL-KLS

ORDER TO SHOW CAUSE

    This matter is before the Court on petitioner's failure to respond to, and therefore comply with, the Court's prior order to show cause regarding his unexhausted petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254.. After reviewing the record, the Court hereby finds and orders as follows:

    On August 30, 2007, the Court issued an order to show cause, informing petitioner that one of the grounds for federal *habeas corpus* relief contained in his original petition was unexhausted (Dkt. #9). In particular, the second ground for *habeas corpus* relief petitioner raised was whether the trial court gave him an exceptional sentence in violation of his right to equal protection under the law. See (Dkt. #1-2, pp. 6-7[1], #1-3, p. 1). Petitioner also stated he had a personal restraint petition currently pending before the Washington State Court of Appeals, Division II, which raised the following ground: "Miscalculation of

---

[1] The first page of petitioner's petition appears to be page 2. Thus, while page 4 is actually the third page of the petition, for the sake of clarity the Court shall use the page designation set forth in the petition.

ORDER
Page - 1

Earned Release Time or Good Time, Equal Protection Violation." See (Dkt. #1-2, pp. 4-8). As such, the Court found petitioner had presented a mixed petition, containing both exhausted claims and at least one unexhausted (i.e., the equal protection) claim[2] for federal *habeas corpus* relief, which required dismissal of the petition.

The Court thus ordered petitioner to file by no later than September 30, 2007, an amended petition presenting only those claims that had been fully exhausted, or a response stating that he intended to return to state court to exhaust the remaining unexhausted claim, or show cause why his petition should not be dismissed for failure to exhaust. On September 11, 2007, petitioner filed a response to the Court's order to show cause, attempting to explain the issues surrounding his unexhausted claims, and requesting that he be given an extension of time until December 20, 2007, to file an amended petition should the Court still desire that he file one. (Dkt. #10).

On November 1, 2007, the undersigned granted petitioner's request for an extension of time to respond to the Court's order to show cause in the manner stated therein. (Dkt. #14). On February 7, 2008, or more than a month and a half after the deadline for doing so had passed, petitioner did file what appears to be an amended petition, although he terms it an "amended complaint." (Dkt. #17). However, petitioner fails to show, let alone address, the issue regarding the above unexhausted claim in his amended petition. As such, petitioner's amended petition appears to remain unexhausted.

The Court, however, shall give petitioner one more chance to cure that deficiency. Accordingly, the Court hereby orders petitioner to re-file an amended complaint – this time using the court-approved federal *habeas corpus* form – containing only those claims that have been fully exhausted, and indicating clearly that all such claims indeed have been fully exhausted. Plaintiff shall do so by **no later than March 22, 2008**. However, petitioner is warned that **failure to file an amended petition on the proper court-approved form in the manner and by the date noted above will result in a recommendation**

---

[2] With respect to the equal protection claim, petitioner specifically alleged that the trial court violated his equal protection rights when "it failed To (a) Calculate His Offender Score (b) by failing To Address Same Criminal Conduct Analysis When brought up At sentencing (c) by Assesing [sic] 3 points for Each Count of a Class C Felony Without Applying the Same To others Who Received Same Charge." (Dkt. #1-3, p. 1). The Court noted that it was not clear whether the miscalculation of earned release or good time ground raised in petitioner's state personal restraint petition was a separate claim, or was intended to be the same claim as the one regarding calculation of his offender score raised in his federal *habeas corpus* petition, but stated differently. To the extent the latter was so intended, that claim would appear to be subsumed within the larger equal protection claim. On the other hand, to the extent it was supposed to be its own separate claim, and petitioner also intended to raise it as a separate *habeas corpus* claim in his petition filed with this Court, then that claim was unexhausted as well.

ORDER
Page - 2

1 **that his petition be dismissed without prejudice**.

2     The Clerk shall send a copy of this Order to petitioner and counsel for respondent.

3     DATED this 21st day of February, 2008.

                                      Karen L. Strombom
                                      United States Magistrate Judge

Page - 3