1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL A. BURNHART,

                Petitioner,

        v.

CHIEF WRZENSKI,

                Respondent.

Case No.  C07-5326RBL-KLS

REPORT AND
RECOMMENDATION

Noted for August 1, 2008

Petitioner is a state prisoner currently incarcerated at the Washington Corrections Center, located in Shelton, Washington.  This matter is before the Court on petitioner's failure to respond to the undersigned's order (Dkt. #25) granting petitioner's request for an extension of time (Dkt. #24) with respect to the undersigned's order to show cause (Dkt. #23) for failure to respond to the undersigned's prior orders regarding the deficiencies in his petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 (Dkt. #9 and #18).  After reviewing the record, the undersigned submits the following report and recommendation, recommending that the Court deny the petition without prejudice for failure to prosecute this matter.

<u>DISCUSSION</u>

On May 5, 2008, the undersigned issued an order to show cause noting the history of attempts to secure a petition from petitioner that is proper for service in the undersigned's previous orders on this issue. (<u>See</u> Dkt. #9, #18, #23, and #25).  In the second to last such order to show cause, dated March 28, 2008 (Dkt. #23), petitioner was directed to do the following:

REPORT AND RECOMMENDATION
Page - 1

File yet a third amended petition by no later than April 27, 2008, in which petitioner shall:

    (1)    Use the court-approved petition form to do so;

    (2)    Expressly state on that form, the grounds for *habeas corpus* relief he is raising, clearly indicating that all such claims indeed have been fully exhausted;

    (3)    Name the proper respondent, Maggie Miller-Stout; and

    (4)    Clearly set forth on the petition form the filing and decision dates of any direct appeal or other post conviction proceedings taken with respect to the conviction and/or sentence.

(Dkt. #23).

On April 14, 2008, instead of filing an amended petition as directed, petitioner filed a response and a request for a continuance, or extension of time, in which to file the amended petition. (Dkt. #24). In that response, plaintiff asked if he could name the Secretary of the Department of Corrections as the respondent in this matter, as he would once again be transferred to the Washington Corrections Center, and then to the Lewis County Jail and back, on an unrelated matter. In an order dated May 5, 2008 (Dkt. #25), however, the undersigned informed petitioner that the Secretary was not the proper respondent. Instead, as it appeared the Airway Heights Correction Center was where petitioner stated he was currently being incarcerated, and appeared to be primarily where he was located, he shall name the superintendent thereof, Maggie Miller-Stout, as the respondent in his third amended petition.

Petitioner also requested a 60-day extension of time in which to file his third amended petition, due to the fact that the Lewis County Jail had no law library or supplies with which to do anything with respect to his petition. While given the fact that petitioner already previously had filed petitions and memoranda in support thereof in this case, and thus the undersigned failed to see the necessity of a law library for the purpose of doing so again, nevertheless petitioner's request was granted. Accordingly, petitioner was directed to file his third amended petition by no later than July 4, 2008, which, as directed in the last prior order to show cause, was to comply with the following requirements:

    (1)    The petition shall be written or typed using the court-approved petition

form, a copy of which shall be provided with this Order;

(2)    Petitioner shall expressly state on that form, the grounds for *habeas corpus* relief he is raising, clearly indicating that all such claims indeed have been fully exhausted;

(3)    Petitioner shall name Maggie Miller-Stout as the proper respondent; and

(4)    Petitioner shall clearly set forth on the petition form to the extent known the filing and decision dates of any direct appeal or other post conviction proceedings taken with respect to the conviction and/or sentence.

The undersigned expressly warned petitioner, furthermore, that this would be the last extension of time he would be granted to do so.

On May 8, 2008, the copy of this last order sent to petitioner at his last known address, the Lewis County Jail, was returned, apparently because he was no longer there. (Dkt. #26). Because information that plaintiff was at a new address, the Washington Corrections Center, subsequently was received by the Clerk, on May 21, 2008, the undersigned directed the Clerk to re-send petitioner a copy of that order to show cause. However, on May 27, 2008, that copy again was returned to the Court. (Dkt. #27). On the envelope in which the copy of the order to show cause was contained was printed the following reason for the return thereof: "OFFENDER DID NOT SHOW FOR DELIVERY. CANNOT HOLD LEGAL MAIL FOR MORE THAN 48 HOURS."

Two attempts now have been made to send petitioner the undersigned's latest order regarding his deficient petition, and this, as noted above, was done after several other attempts to secure from him a proper petition for service already had been made. Given that petitioner seems not to have shown up to receive the undersigned's latest order, that petitioner has not filed a notice of change of address, and that the Court has no other address to which the order may be sent or any assurance petitioner will show up to receive his mail if it is sent again, the undersigned hereby recommends his petition be dismissed without prejudice for failure to prosecute this matter.

CONCLUSION

Because petitioner has failed to respond to the undersigned's last order regarding the remaining deficiencies in his petition (Dkt. #25), the Court should dismiss this case without prejudice for failure to

1    prosecute.

2        Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 72(b),

3    the parties shall have ten (10) days from service of this Report and Recommendation to file written

4    objections thereto. See also Fed.R.Civ.P. 6.  Failure to file objections will result in a waiver of those

5    objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985).  Accommodating the time limit

6    imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set this matter for consideration on **August 1,**

7    **2008**, as noted in the caption.

8        DATED this 8th day of July, 2008.

9

10

11

12        Karen L. Strombom
          United States Magistrate Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

REPORT AND RECOMMENDATION
Page - 4